```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


BRIAN T. JACKSON-BEY,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:09CV948
                                 )
COUNTY OF FORSYTH,               )
                                 )
            Defendant(s).        )
```

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brian T. Jackson-Bey, has submitted a pro se "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983" (the "Complaint"). (Docket Entry 1.) He names Forsyth County, North Carolina, as the sole defendant. (Id. at 1, 2.) Plaintiff identifies a post office box in Windsor, North Carolina, as his address. (Id. at 2.) That address belongs to Bertie Correctional Institution, a North Carolina state prison. See http://www.doc.state.nc.us/dop/prisons/Bertie.htm (last visited Jan. 5, 2010). A "Brian T. Jackson" is currently serving a sentence at that prison due to his conviction in Forsyth County for robbery offenses. See http://www.doc.state.nc.us/offenders (search for "Brian T. Jackson" last completed Jan. 5, 2010). Persons who describe themselves as "Moors," as does Plaintiff (Docket Entry 1 at 3), regularly append their claimed "tribal name of 'Bey' or 'El'

to their names." Anderson-Bey v. North Carolina, No. 2:08CV21-1-MU, 2008 WL 4376860 (W.D.N.C. Sept. 25, 2008) (unpublished).[1]

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity," this Court has an obligation to "review" this Complaint.  28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint . . ., if the complaint – (1) <u>is frivolous</u>, malicious, <u>or fails to state a claim upon which relief may be granted</u> . . . ."  28 U.S.C. § 1915A(b) (emphasis added).

In the analogous context of frivolousness review under 28 U.S.C. § 1915, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

---

[1] "The Moorish Science Temple was founded in 1913 in Newark, New Jersey, by Timothy Drew, also known as Noble Drew Ali, a black delivery man from North Carolina.  Drew taught that Christianity is a religion for whites and that the true religion of blacks is Islam.  According to Drew, all blacks in the United States are descended from three Moroccan tribes, the Alis, Beys, and Els, and blacks are not 'Negroes' but 'Moorish-Americans.'  See 1 The Encyclopedia of Religion 101 (1987).  Members add the hyphenated names 'Ali,' 'Bey,' or 'El' to their surnames to reflect this belief." United States v. Darden, 70 F.3d 1507, 1516 n.1 (8th Cir. 1995).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (internal brackets and citations omitted) (quoting Twombly, 550 U.S. at 555, 557). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

For the reasons that follow, this Court should dismiss the Complaint herein pursuant to 28 U.S.C. § 1915A(b)(1) both because it is frivolous and because it fails to state a claim upon which relief may be granted.

"To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). Plaintiff describes his claim as "a racial discrimination complaint for injunctive relief, declaratory judgement and money damages." (Docket Entry 1 at 3.) The Equal Protection Clause of the Fourteenth Amendment does prohibit racial discrimination by state actors, see Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265 (1977), so if Plaintiff has alleged facts amounting to racial discrimination by Forsyth County his claim can proceed.

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 305 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)).

In support of his claim of racial discrimination, Plaintiff presents a number of allegations, some colorful (Docket Entry 1 at 3 ("Blacks are made in America, Never imported.")), and some indecipherable (id. ("The names negro, colored, Black, ect [sic] under the so called African-American status are civil issues because the names and status hold no true identity of such human beings except those who are assumed slaves within or under the constitutional jurisdiction through the black code law of 1774 Replacing the true nationality and tribal names of the Enslaved Moors.")). Other of Plaintiff's allegations clearly constitute faulty legal conclusions. (Id. ("The 13th, 14th and 15th Amendments to the United States Constitution were never properly ratified and do not reflect the provisions of the original 13th Amendment with its full body of 20 sections whereby all state certified Birth certificates, U.S. social security numbers and other U.S. identifications rest upon ex post facto laws and is [sic] bogus and fraudulent.").)

Because Plaintiff has brought this action against Forsyth County, however, the Court must focus on his allegations concerning the activities of that entity. In that regard, Plaintiff makes only one assertion: "The defendant committed this act in both official and individual capacity while acting under the color of legal authority <u>by placing the black label on plaintiff's record of birth knowing that plaintiff is of Morrish [sic] descent</u>. (A descendant of Moroccans and born in America)." (Id. (emphasis added).) Either as a result of this alleged action by Forsyth

County or in light of his more general allegations against unspecified individuals and/or entities not named as defendants, Plaintiff

> demands a permanent injunction from the laws/labels that delude to slavery ET AL By the Government; Enforcement of the 13th Amendment with 20 Sections: Sec. 15, 16 and 17 – in connection with the subject of the proclamation of Emancipation, According to the Levitical Code, Leviticus, chapter 25 verse 10; and section 17 of the 13 articles of Amendment with 20 sections and 3 Articals [sic] of the compensated emancipation dated December 8, and 15, 1862; and compensation for irreparable damages as determined by a jury; and any other relief the court might deem just and proper.

(Id. at 4.) This claim fails as a matter of law.

As an initial matter, the Court notes that Plaintiff's request for injunctive relief is largely incomprehensible and, to the extent it can be understood, is overbroad. See generally Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 217 (4th Cir. 1993) ("Although injunctive relief should be designed to grant the full relief needed to remedy the injury to the prevailing party, it should not go beyond the extent of the established violation."). In other words, even if Plaintiff could maintain any claim against Forsyth County in connection with his birth certificate, a sweeping injunction for "Enforcement of the 13th Amendment" would be unwarranted as relief for the sole, narrow claim presented against the lone named defendant.

Further, Plaintiff has failed to identify when, where, or by whose action, Forsyth County allegedly "place[d] the black label on plaintiff's record of birth knowing that plaintiff is of Morrish [sic] descent." (Docket Entry 1 at 3.) Nor has Plaintiff alleged

-6-

facts indicating the existence of any policy established by Forsyth County regarding these matters. See Walker v. Prince George's County, Md., 575 F.3d 426, 431 (4th Cir. 2009) (affirming dismissal of § 1983 claim against county government where plaintiffs failed to identify "policy, or custom that caused their injury" (internal brackets and quotation marks omitted)).[3] The Court also notes that, under North Carolina law, various persons, including hospital employees, physicians, and/or a newborn child's parents may have a role in determining what information goes on a newborn child's birth certificate. See N.C. Gen. Stat. § 130A-101. As a result, the Court concludes that Plaintiff's claim against Forsyth County falls far short of meeting the "facial plausibility" test established by the Supreme Court. See Iqbal, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In sum, Plaintiff's allegations against Forsyth County represent the very sort of "threadbare" and "conclusory" claims, "'naked assertions' devoid of 'further factual enhancement,'" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has labeled insufficient as a matter of law. Id. (quoting Twombly, 550 U.S. at 555, 557).

---

[3] In fact, by statute, individual counties have no role in determining the types of information recorded on a birth certificate. See N.C. Gen. Stat. § 130A-102 ("The certificate of birth shall contain those items recommended by the federal agency responsible for national vital statistics, except as amended or changed by the State Registrar.").

In addition, the Court concludes that neither any authority cited by Plaintiff (i.e., the Thirteenth Amendment, Leviticus, or the Emancipation Proclamation), nor the Equal Protection Clause (or any other proper authority of which the Court is aware) creates a right, enforceable via 42 U.S.C. § 1983, to have certain terminology used in recording identifying information on a state birth certificate. Furthermore, a legal mechanism exists for individuals to request amendment of information contained in a birth certificate. See N.C. Gen. Stat. § 130A-118(a); N.C. Admin. Code tit. 10A, r. 41H.0910. Under these circumstances, Plaintiff cannot make out a viable claim for racial discrimination in connection with his birth certificate.

For all these reasons, Plaintiff has failed to state a claim upon which relief may be granted. Moreover, because both his factual allegations and legal claims are so lacking in substance, Plaintiff's Complaint also qualifies as frivolous. Accordingly, it should be dismissed under 28 U.S.C. § 1915A(b)(1) on these two grounds.

As a final matter, the Court notes that Plaintiff has failed to submit with his Complaint either the filing fee of $350.00, see 28 U.S.C. § 1914(a), or a request to proceed in forma pauperis, see 28 U.S.C. § 1915(a). Notwithstanding the recommendation of dismissal above, Plaintiff must pay the required fee or must file a proper in forma pauperis request (complete with all the information needed to calculate an initial payment under 28 U.S.C.

§ 1915(a)(1)).[4]  Failure to comply with these requirements will lead to dismissal of the Complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that the Clerk's Office shall send Plaintiff an Application for Leave to Proceed In Forma Pauperis and a Consent to Collection form.

**IT IS FURTHER ORDERED** that, within twenty (20) days from the date of this Order, Plaintiff either shall pay the $350.00 filing fee or shall return the completed Application for Leave to Proceed In Forma Pauperis and completed Consent to Collection form. Failure to comply with this Order will lead to dismissal of the Complaint without further notice.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for being frivolous and for failing to state a claim upon which relief may be granted.

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                             **United States Magistrate Judge**

January 8, 2010

---

[4] If Plaintiff qualifies to proceed as a pauper, in addition to making any required initial payment toward the filing fee, he must execute a form consenting to collection of the remaining balance pursuant to 28 U.S.C. § 1915(b)(2).

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN T. JACKSON-BEY, )
                                       Plaintiff, )
                    v. )    1:09CV948

COUNTY OF FORSYTH, )
                                  Defendant(s). )

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____